# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL D. BELL,

        Petitioner,      :    Case No. 3:21-cv-260

- vs -                          District Judge Michael J. Newman
                                    Magistrate Judge Michael R. Merz

TIM MCCONAHAY, Warden,
  Mansfield Correctional Institution,

                                    :

        Respondent.

## DECISION AND ORDER; REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Michael Bell, is before the Court for initial screening under Rule 4 of the Rules Governing § 2254 Cases. Under Rule 4, "the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Initial screening of habeas corpus petitions at the Dayton location of court is performed by the undersigned under General Order Day 21-01.

The Magistrate Judge hereby *sua sponte* grants Petitioner leave to proceed *in forma pauperis* and he need not respond to the Notice of Deficiency (ECF No. 2), which is hereby quashed.

Petitioner's filings consist of the form for habeas corpus petitions prescribed in the Rules

1

which is essentially blank (ECF No. 1), but refers the Court to the "Articulated Complaint" which is filed at ECF No. 1-2, an Emergency Motion to Take Judicial Notice (ECF No. 1-3), and a Public Records Request under Ohio Revised Code § 149.43 (ECF No. 1-4).

The Public Records Request is DENIED because this Court is not the custodian of the requested record nor the court designated by Ohio law to enforce public records requests.

The Motion to Take Judicial Notice is DENIED because the fact of which Bell asks the Court to take judicial notice is not the proper subject of judicial notice under Fed. R. Evid. 201. While there may indeed be a public record showing that Bell was not present in open court for a competency hearing, that fact is not "open and notorious" or "generally known" in Hamilton County, Ohio.

Turning to Bell's Petition, the Magistrate Judge concludes it is barred by the statute of limitations.  The Petition shows that Bell pleaded guilty to a number of offenses including voluntary manslaughter in October 2013 and was sentenced to a seventeen-year term of imprisonment. *State v. Bell,* Case No. C190293 (Ohio App. 1st Dist Mar. 11, 2020)(unpublished; partial copy at ECF No. 1, PageID 16-17).  After sentencing he filed both a petition for post-conviction relief and a motion for delayed appeal both of which were denied. *Id.* at PageID 16. Then in April 2019 he filed two motions for resentencing which the Common Pleas Court recast as a petition for post-conviction relief. *Id.* The Common Pleas Court denied the petition for lack of jurisdiction (Entry, ECF No. 1, PageID 18-20) and the First District Court of Appeals affirmed on that basis.

Bell asserts his Petition is timely because filed within a year of the Ohio Supreme Court's denial of review of the First District's affirmance.  However, that calculation misunderstands the

effect of Bell's filing a second petition for post-conviction relief in the form of motions for resentencing.

Under 28 U.S.C. § 2244, the statute of limitations runs from the date when a judgment becomes final on direct appeal, including possible review by the United States Supreme Court on certiorari. The statute can be tolled (i.e. interrupted in its running) by a properly filed collateral attack on the judgment. 28 U.S.C. § 2244(d)(2). However, collateral attacks do not restart the running of the statute, but merely toll it before it has run. *Board v. Bradshaw*, 805 F.3d 769, 776 (6th Cir. 2015). Likewise a plea withdrawal motion can toll the statute but not restart the limitations period. *Id.*, citing *Eberle v. Warden, Mansfield Corr. Inst.,* 532 F. App'x 605, 609 (6th Cir. 2013).

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court held that a postconviction petition rejected by the state courts as untimely, as was Bell's, is not "properly filed" within 28 U.S.C. § 2244(d)(2). *Accord, Allen v. Siebert,* 552 U.S. 3 (2007)(an untimely post-conviction petition is not properly filed regardless of whether the time element is jurisdictional or an affirmative defense.)

Because, as the First District held, there was no plausible basis on which the Common Pleas Court could have had jurisdiction over Bell's motions for resentencing, however construed, the Ohio courts' rejection of those motions did not restart the statute of limitations.

**Conclusion**

Because Bell's habeas corpus case is barred by the statute of limitations, it should be

3

dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 22, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #